635 So.2d 1293 (1994)
Dr. Leonard COHEN
v.
Sharoan COHEN, et al.
No. 94-C-0381.
Court of Appeal of Louisiana, Fourth Circuit.
April 14, 1994.
*1294 Lawrence A. Mann, Guy D. Perrier, Leake & Andersson, New Orleans, for relator.
Andre' P. Guichard, Darleen M. Jacobs, Law Offices of Darleen M. Jacobs, New Orleans, for respondent.
Before BYRNES, and JONES and WALTZER, JJ.
JONES, Judge.

STATEMENT OF THE CASE
In this writ application, Zurich Canada Insurance Company ("Zurich"), as successor in interest to Transit Insurance Company (Transit), and Fillion Transport Company ("Fillion") seek review of the trial court's overruling of declinatory exceptions raising the objection of lack of personal jurisdiction.
Dr. Leonard Cohen, plaintiff, filed this lawsuit in Civil District Court against Fillion and its insurer for injuries he allegedly sustained in an accident which occurred on May 15, 1992 in Vermont. At the time of the accident, plaintiff was a guest passenger in a car owned and operated by his daughter, Sharoan Cohen. The Cohen vehicle was allegedly struck by an eighteen-wheel truck driven by Bruno Gascon, an employee of Fillion. Mr. Gascon, a Canadian citizen, was operating a vehicle owned by Fillion, a Canadian business which was insured by Transit, a Canadian Company which was succeeded by Zurich, a Canadian Company.
*1295 Dr. Cohen instituted this litigation in the Civil District Court for the Parish of Orleans against defendants Sharoan Cohen, her insurer, Continental Casualty Insurance Company (Continental), Bruno Gascon, Fillion, and Transit.
Zurich and Fillion filed declinatory exceptions alleging lack of personal jurisdiction based upon the fact that they are not licensed nor authorized to do business within the State of Louisiana. They argued that neither company does any business nor has any contact whatsoever with Louisiana, and has never provided an agent for service of process in Louisiana. They argued the same was true for Transit, which is now in liquidation and was the predecessor to Zurich as the insurer of Fillion. The trial court denied the exceptions of lack of personal jurisdiction.

DISCUSSION AND LAW:
Pursuant to La.R.S. 13:3201, Louisiana courts may exercise personal jurisdiction over nonresidents who are involved in certain activities in Louisiana. La.R.S. 13:3201 provides, in part:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
* * * * * *
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
Subsection B was added in 1987 to ensure that jurisdiction under the Long Arm Statute extended to the limits allowed by due process. Official Comments Acts 1987, No. 418.
Since the 1987 amendment, the sole inquiry for determining whether personal jurisdiction can be exercised over a nonresident is whether the assertion of jurisdiction complies with constitutional due process. Fox v. Board of Sup'rs of Louisiana State University and Agr. College, 576 So.2d 978, 983 (La.1991).
Relators provided affidavits of the owner and president of Fillion and of the appropriate officer of Zurich establishing that neither company has any contacts whatsoever with Louisiana, that neither company has ever provided an agent for service of process in Louisiana, and that neither company has ever purposefully availed itself of the privileges of conducting business in Louisiana. Respondent produced no evidence to rebut relators' affidavits nor to establish that any of the factors enumerated in La.R.S. 13:3201 exist in this case. Nor did respondent produce evidence of the existence of any other factors to establish minimum contacts with the State of Louisiana. The burden of showing minimum contacts for personal jurisdictional purposes lies with the party claiming jurisdiction to be proper. de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 107 (La.1991). The respondent failed to meet this burden.
The only apparent connection this suit has to Louisiana is that the plaintiff and his daughter, defendant Sharoan Cohen, are Louisiana residents. Additionally, their insurer, Continental, does business in Louisiana and has been named as a defendant. Standing alone, these factors are not sufficient to withstand due process challenges.
*1296 Due process requires that in order to subject a nonresident defendant to personal jurisdiction, the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); de Reyes, supra at 105.
There are two types of personal jurisdiction, "specific" and "general". Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). A state exercises "specific jurisdiction" over a nonresident defendant when the suit arises out of or is related to the defendant's contacts with the forum. Id. A state exercises "general jurisdiction" when the suit neither arises out of nor is related to the nonresident defendant's contacts with the forum. Id. Admittedly the accident in question did not occur in Louisiana and the insurance policy was not issued in Louisiana, thus no basis exists for exercising specific jurisdiction. Thus, our inquiry necessarily centers on whether a basis exists for exercising general jurisdiction. In either instance, the exercise of personal jurisdiction is analyzed under the two-part minimum contacts/fairness test. de Reyes, supra at 107.
The minimum contacts between the nonresident defendant and the state must be based on some act by the defendant through which he purposefully avails himself of the privilege of conducting activities within the state and thereby invokes the benefits and protections of the state's laws. Burger King Corp., supra. This requirement ensures that the defendant will not be haled into a jurisdiction solely as a result of a random, fortuitous, or attenuated contact, or by the unilateral activity of another party or a third person. de Reyes, supra. If the defendant deliberately engages in significant activities within a state or creates continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there; and, because his activities are shielded by the benefits and protections of the forum's laws, it is presumptively not unreasonable to require the defendant to submit to the burdens of litigation in that forum. Id. Once minimum contacts are shown, the burden is then on the defendant to present a compelling case that other considerations render jurisdiction unreasonable. Burger King Corp., supra.
To compel the relators to defend a lawsuit in a state in which neither relator has ever had one single contact offends due process. Since the relator clearly established that no minimum contacts exist with the state of Louisiana, the trial court erred when it overruled relator's exception of lack of personal jurisdiction.
Accordingly, relator's application for writs is granted. The judgment of the trial court overruling the exception of lack of personal jurisdiction is reversed.
WRIT GRANTED, JUDGMENT REVERSED.