839 So.2d 952 (2003)
George HALLARON
v.
JACOB'S ENGINEERING GROUP, INC.
No. 02-CA-903.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 2003.
As Modified on Grant of Rehearing for Clarification March 17, 2003.
Michael J. Bourquard, New Orleans, LA, for plaintiff-appellant.
Kirk L. Landry, Keogh, Cox & Wilson, Baton Rouge, LA, for defendants-appellees.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
Plaintiff, George Hallaron ("Hallaron"), alleges that he was employed by Jacobs *953 Engineering Group, Inc. ("Jacobs Engineering") to perform industrial inspection work for a facility in St. Croix, a U.S. Virgin Island. Hallaron is a Louisiana resident, whose home is in Harahan. He allegedly suffered a back injury while in the course and scope of his employment on March 15, 2001. He alleged he could no longer perform his job. Hallaron then returned to Louisiana and subsequently filed a claim with the Louisiana Office of Workers' Compensation seeking indemnity and medical benefits, his choice of a physician, penalties and attorney fees from his employer, Jacobs Engineering.
Jacobs Engineering answered the claim denying that it was Hallaron's employer. Jacobs Engineering filed a motion for summary judgment, which was denied. Thereafter, Hallaron sought discovery from Jacobs Engineering. Jacobs Engineering then filed a motion for a protective order arguing that Jacobs Pan American Corporation ("Jacobs Pan American") and Jacobs Industrial Maintenance Company ("Jacobs Industrial Maintenance") were the proper defendants. Hallaron then amended his claim to add Jacobs Pan American and Jacobs Industrial Maintenance as defendants. Jacobs Pan American and Jacobs Industrial Maintenance then filed several exceptions, including an exception of lack of personal jurisdiction. The workers' compensation judge granted the exception and rendered findings of fact. The workers' compensation judge found that Jacobs Pan American and Jacobs Industrial Maintenance do not do business in Louisiana and they have no office in Louisiana. Further, Hallaron's job was performed in the U.S. Virgin Islands and the injury occurred there. The judge further found that Hallaron was not working under a contract for hire made in Louisiana. Hallaron had initially contacted Jacobs Pan American and Jacobs Industrial Maintenance to obtain employment by calling their offices in the U.S. Virgin Islands and they in turn mailed correspondence to Hallaron from the U.S. Virgin Islands on December 19, 2001. That correspondence included the terms of Hallaron's conditional employment.
The workers' compensation judge then found that pursuant to LA R.S. 23:1035.1, the court has no jurisdiction over the claims made against the defendants, Jacobs Pan American and Jacobs Industrial Maintenance. Therefore, the court granted the exception of lack of personal jurisdiction. Based on the finding of no jurisdiction over these defendants, the judge did not address the other matters that had been filed by Jacobs Pan American and Jacobs Industrial Maintenance. Jacobs Engineering remains a defendant in this case and submitted itself to the jurisdiction of the workers' compensation court by filing an answer and other matters with the court.

DISCUSSION
Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Chaisson v. Cajun Bag & Supply Co., 97-1225 (La.3/4/98), 708 So.2d 375, 380, citing Seal v. Gaylord Container Corp., 97-0688, p. 4 (La.12/02/97), 704 So.2d 1161; Banks v. Industrial Roofing & Sheet Metal Works, 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556; Smith v. Louisiana Dept. of Corrections, 93-1305, p. 4 (La.2/28/94), 633 So.2d 129, 132; Freeman v. Poulan/Weed Eater, 93-1530, pp. 4-5 (La.1/14/94), 630 So.2d 733, 737-38. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Chaisson at 381.
Defendants Jacobs Pan American and Jacobs Industrial Maintenance are nonresident *954 corporations principally located in the U.S. Virgin Islands. Therefore, to determine if the Louisiana Workers' Compensation Court has personal jurisdiction over them, we must apply La. R.S. 13:3201, also known as the Louisiana Long Arm Statute, which provides, in pertinent part:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
(5) Having an interest in, using or possessing a real right on immovable property in this state.
...
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
In accordance with La. R.S. 13:3201(B), we must inquire into whether or not the exercise of jurisdiction complies with constitutional due process. Due process requires that in order to subject a nonresident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. de Reyes v. Marine Management and Consulting, Ltd., 90-2214 (La.1991), 586 So.2d 103, 105, citing International Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945).
Under the two part test set forth in International Shoe, we find that the Louisiana Workers' Compensation Court does not have personal jurisdiction over defendants Jacobs Pan American and Jacobs Industrial Maintenance. We find that neither of these defendants had the required minimum contacts with Louisiana. Neither company did business in this state, nor had offices in Louisiana. The work performed by the plaintiff was performed in the U.S. Virgin Islands and the injury occurred in the U.S. Virgin Islands. The only contacts these companies had with Louisiana were the mailings to the plaintiff's house in Harahan and the fact that the plaintiff's paychecks were distributed out of Baton Rouge. We find that the defendants did not have sufficient minimum contacts with Louisiana. Therefore, to subject them to the personal jurisdiction of a Louisiana court would offend the traditional notions of fair play and substantial justice.
Accordingly, we affirm the judgment of the workers' compensation court, which granted Jacobs Pan American and Jacobs Industrial Maintenance Company exception of lack of personal jurisdiction.
AFFIRMED.