STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1614

MRS. REGINA ALLEN DUMACHEST AND
MR. CHRISTOPHER ALLEN, INDIVIDUALLY AND
ON BEHALF OF THEIR DECEASED MOTHER,
MRS. THELMA BELLARD ALLEN

VERSUS

MR. JOHNATHAN J. ALLEN AND
CELADON TRUCKING SERVICES, INC., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. 2005-4629, DIV. A
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, Osward A. Decuir, and James T. Genovese, Judges.

AFFIRMED.

Dr. Edward A. Robinson, III
Mark E. Robinson
Law Offices of Dr. Edward A. Robinson, III
600 North Foster Drive
Baton Rouge, Louisiana 70806
(225) 928-7876
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Mrs. Regina Allen Dumachest and
    Mr. Christopher Allen, individually and
    on behalf of their deceased mother,
    Mrs. Thelma Bellard Allen

**James A. Burton**
**M. Davis Ready**
**Shannon H. Huber**
**Simon, Peragine, Smith & Redfearn, L.L.P.**
**1100 Poydras Street, 30th Floor**
**New Orleans, Louisiana 70163-3000**
**(504) 569-2030**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Celadon Trucking Services, Inc.**


**Patrick S. McGoey**
**Andrea V. Timpa**
**Schonekas, Winsberg, Evans & McGoey, L.L.C.**
**400 Poydras Street, Suite 1440**
**New Orleans, Louisiana 70130**
**(504) 680-6050**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Johnathan J. Allen**

**GENOVESE, Judge.**

Plaintiffs, Regina Allen Dumachest and Christopher Allen, individually and on behalf of the estate of their deceased mother, Thelma Bellard Allen (Thelma Allen), appeal the dismissal of their lawsuit against Celadon Trucking Services, Inc. (Celadon), pursuant to a declinatory exception of lack of personal jurisdiction. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of an alleged one-vehicle accident near Texarkana, Texas, on January 12, 2005. Plaintiffs allege that their mother, Thelma Allen, a Louisiana resident, was a guest passenger in an eighteen-wheeler combination truck and trailer owned by Defendant, Celadon, and driven by its employee, Johnathan Allen,[1] likewise made a Defendant herein. Thelma Allen allegedly injured her left, lower leg and ankle when she fell from the bed of the truck's cab onto the floor of the cab when Johnathan Allen (her son) abruptly swerved and applied his brakes in a successful effort to allegedly avoid a collision with another vehicle. Thelma Allen, a diabetic, initially sought treatment for the injuries to her left, lower leg and ankle in Texarkana, Texas; however, Plaintiffs allege that Thelma Allen was denied further treatment for her worsening condition by Johnathan Allen until after their return to Lafayette, Louisiana, on January 23, 2005. When Thelma Allen sought treatment at the emergency room of the Lafayette General Medical Center, the injuries to her leg and ankle had progressed into a serious bone infection. After an unsuccessful attempt to treat her bone infection, an amputation of Thelma Allen's left foot and ankle was performed on January 24, 2005. A second surgery was performed on February 1,

---

[1]Defendant, Johnathan Allen, is Thelma Allen's son and Plaintiffs' brother.

2005, whereby Thelma Allen's remaining left leg, below her knee, was also amputated. On March 29, 2005, Thelma Allen died after suffering cardiopulmonary arrest at her home.

Plaintiffs filed survival and wrongful death claims against Celadon and Johnathan Allen, alleging that Thelma Allen's injuries and subsequent death resulted from the fault of Johnathan Allen. Plaintiffs' petition asserts that Thelma Allen lived with chronic pain from the date of her injury, January 12, 2005, until her untimely death on March 29, 2005.

Celadon filed a declinatory exception of lack of personal jurisdiction, asserting that it is incorporated in New Jersey, its principal place of business is in Indiana, and the alleged accident at issue herein occurred in Texas; therefore, the State of Louisiana cannot exercise personal jurisdiction over it. The trial court sustained Celadon's declinatory exception stating:

> There is no specific jurisdictional basis, the accident having -- not having had [sic] occurred in Louisiana. And there's no general jurisdictional basis because Celadon does not have sufficient minimum contacts with the State of Louisiana in order to support jurisdiction in personam.
>     The -- I find that the contacts that Celadon does have with the State, i.e., the fact that some of their twenty-nine hundred (2,900) employees reside in Louisiana and some of the driver-owned trucks are even garaged here is a contact. Celadon drivers get tickets in Louisiana, but I find that those contacts are coincidental and occur nationwide, and really don't have anything to do with Celadon particularly seeking out Louisiana as a place to do business. It's just that they're a nationwide company whose trucks roll through the state of Louisiana. It'd certainly be a different result if the accident had occurred in Louisiana. Then you'd have a specific jurisdictional basis. But in this case I find no basis for in personam jurisdiction against Celadon.

A judgment was signed by the trial court on February 23, 2006, sustaining Celadon's declinatory exception of lack of personal jurisdiction and dismissing all of Plaintiffs' claims against Celadon.

2

## ISSUE

The sole issue presented in this appeal is whether Celadon's contacts with the State of Louisiana were sufficient to confer personal jurisdiction over it in the State of Louisiana.

## STANDARD OF REVIEW

"An appellate court conducts a *de novo* review of the legal issue of personal jurisdiction over a nonresident by a Louisiana court. However, the trial court's factual findings underlying the decision are reviewed under the manifest-error standard of review." *Peters v. Alpharetta Spa, L.L.C.*, 04-979, pp. 3-4 (La.App. 1 Cir. 5/6/05), 915 So.2d 908, 910 (citations omitted).

## LAW AND DISCUSSION

Louisiana's long-arm statute, La.R.S. 13:3201, authorizes the exercise of personal jurisdiction over non-residents by providing, in pertinent part:

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
>
> > (1) Transacting any business in this state.
> >
> > (2) Contracting to supply services or things in this state.
> >
> > (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
> >
> > (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
> >
> > (5) Having an interest in, using or possessing a real right on immovable property in this state.
> >
> > . . . .

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

***Personal Jurisdiction***

In *Davis v. Dempster, Inc.*, 00-662 (La.App. 3 Cir. 11/29/00), 790 So.2d 43, *writ denied*, 00-3519 (La. 2/9/01), 785 So.2d 830 (citations omitted), this court discussed the types of personal jurisdiction:

[P]ersonal jurisdiction may be either general or specific. When the suit arises out of or is related to a defendant's contacts with the forum state, the exercise of personal jurisdiction is one of specific jurisdiction. However, if the exercise of jurisdiction arises in a case not stemming from the defendant's contacts with the forum, the exercise of personal jurisdiction is one of general jurisdiction. When this latter category is in question, a defendant may be subject to the forum state's exercise of personal jurisdiction if contacts with the state are continuous and systematic.

In *de Reyes* [*v. Marine Management and Consulting, Ltd.*], 586 So.2d 103 [(La.1991)], the Louisiana Supreme Court explained that whether proceeding under a theory of general jurisdiction or one involving specific jurisdiction, the analysis is the same. Under either theory, a determination as to whether due process standards have been met requires a two-part analysis of 1) minimum contacts with the forum state and 2) consideration of whether maintenance of the suit is consistent with notions of fair play and substantial justice.

***Burden of Proof***

The burden of proving minimum contacts with the forum state, for long-arm statute purposes, is on the party claiming jurisdiction to be proper. *Hunt v. Schult Homes Corp.*, 94-1592 (La.App. 3 Cir. 5/3/95), 657 So.2d 124. If Plaintiffs are able to establish that Celadon has had sufficient minimal contacts with Louisiana, then a presumption arises that assertion of personal jurisdiction by the state court is reasonable. If Plaintiffs are able to accomplish this, then the burden shifts to Celadon to prove that the State of Louisiana's assertion of personal jurisdiction would be

4

unreasonable in light of traditional notions of fair play and substantial justice. See *de Reyes*, 586 So.2d 103.

### *Specific Jurisdiction*

In their brief to this court, Plaintiffs argue that the State of Louisiana has specific jurisdiction over Celadon pursuant to La.R.S. 13:3201(A). Plaintiffs assert that their claims arise from damages which occurred in Louisiana because Celadon's employee, Johnathan J. Allen, was acting as Celadon's agent when he engaged in tortious conduct. Specifically, Plaintiffs allege:

> from the time of the accident in Texarkana on January 12, 2005 until the decedent was returned to Lafayette, Louisiana for proper medical care, Celadon through its employee, Johnathan J. Allen, continued to engage in tortious conduct wrongfully detaining the deceased in the Celadon vehicle for more than eight (8) days when she required additional medical attention, thus depriving the deceased of the proper medical care. All actions performed by Johnathan J. Allen were within the course and scope of his employment with Celadon. While the defensive maneuvers employed by Johnathan J. Allen to avoid collision with the phantom vehicle occurred outside the geographic confines of the State of Louisiana, some of Allen's actions in delaying medical treatment of these actions occurred within the geographic borders of the State of Louisiana.

Plaintiffs also assert that the State of Louisiana has personal jurisdiction over Celadon because Celadon contracted with Thelma Allen in Louisiana. Plaintiffs contend that Celadon subjected itself to personal jurisdiction in the State of Louisiana through Celadon's requirement that Thelma Allen execute a "Passenger – Hold Harmless Agreement" prior to the commencement of her trip with Johnathan J. Allen. Plaintiffs offered a copy of the agreement that Thelma Allen executed on December 27, 2004 before a notary public in Crowley, Acadia Parish, Louisiana. Therefore, Plaintiffs argue that Celadon's contract with Thelma Allen, a Louisiana resident, supports their contention that Celadon contractually submitted itself to jurisdiction in Louisiana.

5

Celadon argues that the action which allegedly caused harm to Thelma Allen purportedly occurred in Texas, not in Louisiana as La.R.S. 13:3201(A)(3) requires. Further, Celadon counters Plaintiffs' assertion that Celadon contractually submitted itself to Louisiana's jurisdiction when Thelma Allen signed its "Passenger – Hold Harmless Agreement." In its brief to this court, Celadon asserts that to subject it to personal jurisdiction based solely upon said agreement would, in effect, allow Plaintiffs "to have it both ways," since Plaintiffs also dispute the merits of the contract which, by its terms, bars any recovery by Thelma Allen.

We disagree with Plaintiffs' contention that Thelma Allen's execution of Celadon's "Passenger – Hold Harmless Agreement" is sufficient to establish a finding of personal jurisdiction. "An individual's contract with an out-of-state party alone cannot establish minimum contacts in the home forum." *A & L Energy, Inc. v. Pegasus Group*, 00-3255, p. 7 (La. 6/29/01), 791 So.2d 1266, 1272. The "Passenger – Hold Harmless Agreement" contemplates Thelma Allen's riding as a passenger in Celadon's vehicle, to be driven by Celadon's employee, Johnathan Allen. Said agreement states, in part:

> I do hereby indemnify and otherwise hold harmless, Celadon Trucking Services, Inc., its officers, employees, agents, and assigns from any and all liability for claims arising in connection with the operation of the vehicle. I do further waive any and all rights to claims of any nature, present and future, as a result of being a passenger in this vehicle.

Even assuming that Thelma Allen's execution of Celadon's "Passenger – Hold Harmless Agreement" meets Plaintiffs' burden of proving a sufficient minimum contact with Louisiana, we find that Celadon has met its burden of proving that assertion of jurisdiction would be unreasonable in light of traditional notions of fair play and substantial justice.

6

*General Jurisdiction*

Pursuant to La.R.S. 13:3201(B), we must review the facts to determine whether or not the exercise of personal jurisdiction over Celadon complies with constitutional due process. *Hanks v. Kinetics Group, Inc.*, 03-1354 (La.App. 3 Cir. 6/2/04), 878 So.2d 782, *writs denied*, 04-1517, 04-1693 (La. 10/1/04), 883 So.2d 990, 883 So.2d 994 (citing *Hallaron v. Jacob's Eng'g Group, Inc.*, 02-903 (La.App. 5 Cir. 2/11/03), 839 So.2d 952, *writ denied*, 03-1844 (La. 10/31/01), 857 So.2d 478). "Due process requires that in order to subject a nonresident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Hallaron*, 839 So.2d at 954 (citing *de Reyes*, 586 So.2d 103, and *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

As set forth in the affidavit of Celadon's Corporate Programs Attorney, Dennis L. Elschide (Elschide), Celadon is a New Jersey corporation with its principal place of business in Indiana. According to Elschide's affidavit, executed in November of 2005, Celadon employed approximately 2,900 employees and, of those employees, only forty-eight, or approximately 1.6%, had Louisiana licenses. Since July 1, 2003, Celadon had knowledge of 1,965 motor vehicle incidents involving its drivers of which thirty-one occurred in Louisiana, or approximately 1.5%. Celadon did not maintain, own, or lease offices or other property in Louisiana. Celadon did not have trucks garaged in Louisiana. Celadon had no offices in Louisiana, and Celadon did not advertise in publications which specifically targeted Louisiana.

After a careful *de novo* review of the record, facts, and circumstances in this

7

case, we find that Celadon's contacts with the State of Louisiana are insufficient for the State of Louisiana to exercise jurisdiction over it. We opine that the agreement executed by Thelma Allen upon which Plaintiffs rely to establish jurisdiction in the State of Louisiana is not sufficient to satisfy the constitutional minimum contacts test. The accident at issue herein did not occur in Louisiana, nor does Celadon conduct its business in Louisiana; therefore, it could not reasonably expect to be sued in the State of Louisiana, or defend itself in a Louisiana court. To subject Celadon to personal jurisdiction in the State of Louisiana would offend traditional notions of fair play and substantial justice. Therefore, under the minimum contacts analysis, and considering the facts in this case and applicable law, we agree with the trial court's finding that a sufficient basis does not exist to subject Celadon to personal jurisdiction in the State of Louisiana.

## DECREE

Accordingly, the judgment of the trial court sustaining Celadon's declinatory exception raising the objection of lack of personal jurisdiction is hereby affirmed. Plaintiffs, Regina Allen Dumachest and Christopher Allen, individually and on behalf of the estate of their deceased mother, Thelma Bellard Allen, are assessed with all costs of this appeal.

**AFFIRMED.**