*314
 
 FREDERICKS HOMBERG WICKER, Judge.
 

 | .¿Plaintiff Charalabos “Harris” Tsaoussi-dis (“Tsaoussidis”) appeals a judgment dismissing his claims against defendants James Driver (“Driver”) and U.S. Auto Insurance Services, Inc. (“U.S. Auto”). The trial court rendered judgment granting U.S. Auto’s exception of lack of personal jurisdiction. On appeal, Tsaoussidis contends that the trial court erred in placing the burden of proof to prove jurisdiction upon him. Tsaoussidis additionally contends that the trial court erred in granting the exception. For the reasons that follow, we affirm.
 

 On February 15, 2005, Tsaoussidis was involved in a traffic accident in Houston, Texas. At the time of the accident, Tsaoussidis was a passenger in a vehicle owned and driven by Panagiotis Provolisia-nos. Driver’s vehicle allegedly struck Pro-volisianos’s vehicle on the right front side. U.S. Auto was Driver’s liability insurer. The parties do not dispute that U.S. Auto is not authorized to do business in Louisiana and that it issues insurance policies only to Texas residents. In addition, the parties do not dispute that Driver is domiciled in Harris County, Texas and that Tsaoussidis is domiciled in Jefferson Parish.
 

 |sOn February 14, 2007, Tsaoussidis filed a petition for damages in Jefferson Parish alleging that as a result of the accident, he was diagnosed with cervicalgia, pain in the thoracic spine, lumbago, and a lumbar sprain. Tsaoussidis further alleged that the sole cause of the 2005 accident was Driver’s gross negligence and lack of skill. U.S. Auto was named as a defendant in the petition. U.S. Auto thereafter filed an exception of lack of personal jurisdiction. The exception was heard on February 5, 2009.
 

 At the hearing, counsel for Tsaoussidis argued that U.S. Auto subjected itself to personal jurisdiction in Louisiana because it issued insurance policies to Texas residents who may travel to Louisiana. Counsel for Tsaoussidis contended that Louisiana is neither an inconvenient nor a distant forum for U.S. Auto. Counsel additionally argued that Louisiana has an interest in asserting jurisdiction over U.S. Auto because Tsaoussidis has no health insurance and Louisiana taxpayers will otherwise be forced to pay for his medical expenses.
 

 Counsel for U.S. Auto cited
 
 Dumachest v. Allen,
 
 2006-1614 (La.App. 3 Cir. 5/23/07), 957 So.2d 374, for the proposition that a Louisiana court has no personal jurisdiction over a foreign insurance company when the foreign company’s insured injures a Louisiana resident in Texas.
 

 The trial court granted U.S. Auto’s exception, dismissing Tsaoussidis’s claims against Driver and U.S. Auto. This timely appeal followed. Because the appellant’s two specifications of error are intertwined and essentially address the same argument, we will consider them together in the interests of judicial economy.
 

 La. R.S. 13:3201, the Louisiana long-arm statute, provides circumstances under which a Louisiana court may exercise personal jurisdiction over a nonresident defendant. La. R.S. 13:3201(A) provides, in pertinent part:
 

 14A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
 

 (1) Transacting any business in this state.
 

 (2) Contracting to supply services or things in this state.
 

 
 *315
 
 (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
 

 (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
 

 La. R.S. 13:3201(B) provides:
 

 B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
 

 La. R.S. 13:3201(B) was designed to insure that the long-arm jurisdiction of a Louisiana court extends to the limits permitted by the Due Process Clause of the Fourteenth Amendment.
 
 See Superior Supply Co. v. Associated Pipe and Supply Co.,
 
 515 So.2d 790, 792 (La.1987); U.S. Const. amend. XIV, § 1. Under “the express terms of [La. R.S. 13:3201(B)], the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitu tional due process requirements.”
 
 Id.
 
 If the assertion of jurisdiction meets the constitutional requirements of due process, jurisdiction is authorized under La. R.S. 13:3201.
 
 Id.
 
 (citing
 
 Petroleum Helicopters, Inc. v. Avco Corp.,
 
 513 So.2d 1188, 1192 (La.1987)).
 

 In order to subject a nonresident defendant to a personal judgment under the constitutional requirements of due process, the defendant must have certain “minimum contacts” with the forum state such that the maintenance of the lawsuit does not offend “traditional notions of fair play and substantial justice.”
 
 See de Reyes v. Marine Management and Consulting, Ltd.,
 
 586 So.2d 103, 105 (La.1991);
 
 see also International Shoe Co. v. Washington,
 
 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Thus, there are two prongs to the due process test: the “minimum contacts” prong and the “traditional notions of fair play and substantial justice” prong.
 
 A & L Energy, Inc. v. Pegasus Group,
 
 00-3255 (La.6/29/01), 791 So.2d 1266,
 
 1270-71, cert. denied, Pegasus Group v. A & L Energy, Inc.,
 
 534 U.S. 1022, 122 S.Ct. 550, 151 L.Ed.2d 426 (2001).
 

 The “minimum contacts” test is satisfied by a single act or actions by which the defendant “purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.”
 
 Burger King Corp. v. Rudzewicz,
 
 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). The defendant’s “purposeful availment” must be such that the defendant “should reasonably anticipate being haled into court” in the forum state.
 
 Ruckstuhl v. Owens Corning Fiberglas Corporation,
 
 98-1126 (La.4/13/99), 731 So.2d 881,
 
 cert. denied,
 
 528 U.S. 1019, 120 S.Ct. 526, 145 L.Ed.2d 407 (1999) (citing
 
 World-Wide Volkswagen Corp. v. Woodson,
 
 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)). “Purposeful avail ment” ensures that the moving party will not be haled into a jurisdiction solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person.
 
 Rudzewicz,
 
 471 U.S. at 474-75, 105 S.Ct. at 2183-84.
 

 Even if “minimum contacts” exist between a nonresident defendant and the forum state, the exercise of personal jurisdiction over the defendant will fail to satisfy due process requirements if the assertion of jurisdiction offends “traditional notions of fair play and substantial justice.”
 
 A & L Energy,
 
 791 So.2d at 1271,
 
 *316
 
 (citing
 
 International Shoe,
 
 326 U.S. at 316, 66 S.Ct. at 158). If the plaintiff meets his burden of proving minimum contacts, the burden shifts to the defendant to prove that the jurisdiction would be so unreasonable in light of traditional notions |tiof fair play and substantial justice to overcome the presumption of reasonableness created by the defendant’s minimum contacts with the forum.
 
 Id.
 
 at 1274. The second part of the test thus imposes on the defendant the burden of establishing the unfairness of the assertion of jurisdiction.
 

 In determining whether the assertion of jurisdiction would offend traditional notions of fair play and substantial justice, a court must examine (1) the defendant’s burden; (2) the forum state’s interest in the dispute; (3) the plaintiffs interest in convenient and effective relief; (4) the judicial system’s interest in efficient resolution of controversies; and (5) the state’s shared interest in furthering fundamental social policies.
 
 Id.
 
 The fairness component is comprised mainly of the burden on the defendant to defend a suit in the forum minus the interests of the plaintiff and the state to have the suit litigated in the forum.
 
 Id.
 

 In reviewing a judgment on an exception of lack of personal jurisdiction, the factual findings underlying the judgment are reviewed for manifest error.
 
 See, e.g., Martin-Creech v. Armstrong,
 
 42,-649 (La.App. 2 Cir. 9/12/07), 965 So.2d 624. The application of the facts to established rules of law is a legal question, and thus, the legal issue of personal jurisdiction over a non-resident by a Louisiana court is subject to
 
 de novo
 
 review.
 

 In the instant case, the parties do not dispute Tsaoussidis’s residency is Louisiana’s only connection with the instant suit. Driver is a Texas resident. The accident took place in Texas. U.S. Auto is not licensed to do business in Louisiana. There is no evidence that U.S. Auto has ever defended a lawsuit in Louisiana. There is no evidence that U.S. Auto conducted business in Louisiana or that it entered into any contractual relationships with Louisiana domieiliaries.
 

 Several Louisiana cases are factually similar to this case. In
 
 Cohen v. Cohen,
 
 94-0381 (La.App. 4 Cir. 4/14/94), 635 So.2d 1293, the plaintiff was injured |7in a car accident that occurred in Vermont. At the time, he was a passenger in a vehicle owned and operated by his daughter Sha-roan. Sharoan’s vehicle was insured by Zurich Canada Insurance Company (“Zurich Canada”). The plaintiff filed suit in Orleans Parish for injuries he allegedly sustained in the accident. The plaintiff named Zurich Canada as a defendant. Zurich Canada thereafter filed an exception of lack of personal jurisdiction.
 
 Id.
 
 at 1295. Zurich Canada was not licensed to do business in Louisiana, had no contact with Louisiana, and had never provided an agent for service of process in Louisiana.
 
 Id.
 
 The trial court denied the exception of lack of personal jurisdiction. However, the Fourth Circuit granted writs and reversed the judgment of the trial court. The court reasoned:
 

 The only apparent connection this suit has to Louisiana is that the plaintiff and his daughter, defendant Sharoan Cohen, are Louisiana residents. Additionally, [the plaintiffs’ insurer], Continental, does business in Louisiana and has been named as a defendant. Standing alone, these factors are not sufficient to withstand due process challenges.
 

 [[Image here]]
 

 To compel the relators to defend a lawsuit in a state in which neither relator has ever had one single contact offends due process. Since the relator clearly established that no minimum contacts
 
 *317
 
 exist with the state of Louisiana, the trial court erred when it overruled relator’s exception of lack of personal jurisdiction.
 

 Id.
 
 at 1295-96.
 

 Similarly, in
 
 Dumachest v. Allen,
 
 2006-1614 (La.App. 3 Cir. 5/23/07), 957 So.2d 374, the plaintiffs’ mother was a guest passenger in an 18-wheel truck and trailer owned by Celadon Trucking Services, Inc. While the plaintiffs’ mother was in the truck, the truck’s driver abruptly swerved and applied his brakes to avoid a collision with another vehicle. The plaintiffs’ mother allegedly injured her left leg and ankle when she fell from the bed of the truck’s cab onto the floor of the cab.
 
 Id.
 
 at 376. She eventually died after her wounds became infected.
 
 Id.
 
 The accident took place near Texarkana, Texas, but the plaintiffs filed a wrongful death |8suit in Lafayette Parish.
 
 Id.
 
 at 375-76. The plaintiffs named Celadon as a defendant.
 

 Celadon filed an exception of lack of personal jurisdiction, asserting that it was incorporated in New Jersey, that its principal place of business was in Indiana, and that the alleged accident at issue occurred in Texas.
 
 Id.
 
 at 376. The trial court sustained the exception. The court of appeal affirmed, noting:
 

 After a careful
 
 de novo
 
 review of the record, facts, and circumstances in this case, we find that Celadon’s contacts with the State of Louisiana are insufficient for the State of Louisiana to exercise jurisdiction over it.
 

 [[Image here]]
 

 To subject Celadon to personal jurisdiction in the State of Louisiana would offend traditional notions of fair play and substantial justice. Therefore, under the minimum contacts analysis, and considering the facts in this case and applicable law, we agree with the trial court’s finding that a sufficient basis does not exist to subject Celadon to personal jurisdiction in the State of Louisiana.
 

 Id.
 
 at 379-80.
 

 As in
 
 Dumachest
 
 and
 
 Cohen,
 
 the instant defendant’s only connection -with Louisiana is the plaintiff’s residency. We find that U.S. Auto established that it has no minimum contacts with the state of Louisiana. We need not consider whether an assertion of jurisdiction would offend traditional notions of fair play and substantial justice. Accordingly, we find that the trial court correctly granted U.S. Auto’s exception of lack of personal jurisdiction.
 

 CONCLUSION AND DECREE
 

 For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to Tsaoussidis.
 

 AFFIRMED.