STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCW 03-1354


RONALD L. HANKS

VERSUS

KINETICS GROUP, INC.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 02-05904
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE


\*\*\*\*\*\*\*\*\*\*


**BILLY HOWARD EZELL**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**REVERSED.**


**James Ray Morris**
**Attorney at Law**
**4350 Nelson Road**
**Lake Charles, LA 70606**
**(337) 478-8595**
**Counsel for: Plaintiff/Respondent**
**Ronald L. Hanks**

**Kirk Lindsay Landry**
**Aaron James Chaisson, Jr.**
**Keogh, Cox, & Wilson**
**P. O. Box 1151**
**Baton Rouge, LA 70821**
**(225) 583-3796**
**Counsel for: Defendant/Applicant**
**Kinetics Systems Caribe, Inc.**

**EZELL, JUDGE**.

This is a workers' compensation matter. In this case, Kinetics Systems Caribe seeks supervisory writs from a decision of the workers' compensation judge denying its exceptions of lack of subject matter jurisdiction and lack of personal jurisdiction. For the following reasons, we grant writs and reverse the ruling of the workers' compensation judge as to the exception of lack of *in personam* jurisdiction.

This proceeding arises out of a work-related injury Ronald Hanks alleges he sustained while employed by Kinetics in Puerto Rico. Hanks was first employed by Kinetics as a welder and detailer in Texas in 1996. He later worked for Kinetics and/or its branches in several places throughout the United States on a contract basis. However, he never performed any work for Kinetics in Louisiana. Before every change of location, a relocation agreement was signed by Hanks setting forth, among other things, his wages and any benefits.

While performing work for Kinetics in North Carolina, Hanks was made aware of a possible job opening in Puerto Rico following the completion of his then current job. After the North Carolina job was completed, Hanks drove the travel trailer he was living in back to his permanent residence in Louisiana, so that he could leave it there while in Puerto Rico. While in Louisiana, he received, via email, a relocation agreement setting forth the rate of pay for his employment in Puerto Rico and benefits, such as trips home. On June 1, 2001, Hanks printed out the relocation agreement, made alterations to it and faxed it back to Kinetics. Subsequently, he was sent to Puerto Rico to begin his new job.

On September 22, 2001, Hanks was replacing mechanical piping on a rack while standing on a ladder. While reaching for a piece of piping, Hanks felt a pop in his back and pain in his right leg. He immediately informed his supervisor. Hanks continued his employment with Kinetics, performing light-duty work until March 20,

2002, at which time he was laid off as part of a reduction in force. Hanks then filed this workers' compensation claim.

Kinetics answered the claim, asserting exceptions of lack of subject matter jurisdiction, lack of *in personam* jurisdiction, and lack of proper service and citation. The workers' compensation judge granted the exceptions of insufficiency of service and citation and ordered Hanks to attempt proper service. The exceptions of lack of subject matter jurisdiction and *in personam* jurisdiction were denied. From that decision, Kinetics sought supervisory writs.

We will first deal with Kinetics' claim that the workers' compensation judge erred in denying its exception of lack of subject matter jurisdiction. We disagree with this assertion.

Louisiana Revised Statutes 23:1035.1 states, in pertinent part:

> (1) If an employee, while working outside the territorial limits of this state, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this Chapter had such injury occurred within this state, such employee, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this Chapter, provided that at the time of such injury
>
> (a) his employment is principally localized in this state, or
>
> (b) he is working under a contract of hire made in this state.

Since it is undisputed that Hanks' employment was not principally located in Louisiana, our first concern is whether he was working under a contract of hire made in this state. The conclusion reached by the workers' compensation judge, as a factual determination, may not be disturbed on appeal in the absence of a showing of manifest error. *Chaisson v. Cajun Bag & Supply Co.*, 97-1225 (La. 3/4/98), 708 So.2d 375. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. *Id.*

2

In denying Kinetics' exception, the workers' compensation judge found that pursuant to La. R.S. 23:1035.1, Hanks was working under a contract of hire made in Louisiana. We find no error in this ruling.

A relocation agreement was sent to Hanks before each time he changed locations to work for Kinetics. These agreements set forth the rate of pay he was to receive and the length of the job, as well as any additional benefits, such as transportation to the job, and trips home. Hanks testified that the pay went up on almost every relocation agreement he had signed, depending on where he would be located. The relocation agreement for the Puerto Rico job not only set forth his pay for that particular job, but also established that he would receive trips back to Louisiana as part of his compensation. This contract was sent by Kinetics to Louisiana, where it was altered by Hanks. The altered contract was sent back to and accepted by Kinetics. Based on the facts before us, we find no error in the workers' compensation judge's determination that the relocation agreement signed by Hanks was a contract for hire made in Louisiana. Accordingly, we find that the workers' compensation judge was clearly reasonable in denying Kinetics' exception of lack of subject matter jurisdiction based upon La.R.S. 23:1035.1.

While we find that the workers' compensation court did have proper subject matter jurisdiction to hear this case, we also find that Kinetics has insufficient contacts with Louisiana to force it to defend itself in this state.

While Hanks alleges that there are many divisions or branches of Kinetics Corporations throughout the world, Kinetics Caribe is a nonresident corporation principally located in Puerto Rico. Therefore, to determine if the Louisiana Workers' Compensation Court has personal jurisdiction over it, we must apply the Louisiana Long Arm Statute, La. R.S. 13:3201, which provides, in pertinent part:

A. A court may exercise personal jurisdiction over a nonresident,

3

who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:

(1) Transacting any business in this state.

(2) Contracting to supply services or things in this state.

(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

(5) Having an interest in, using or possessing a real right on immovable property in this state.

. . . .

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

"In accordance with La. R.S. 13:3201(B), we must inquire into whether or not the exercise of jurisdiction complies with constitutional due process." *Hallaron v. Jacob's Eng'g Group, Inc.*, 02-903 (La.App. 5 Cir. 2/11/03), 839 So.2d 952, 954, *writ denied*, 03-1844 (La. 10/31/03), 857 So.2d 478. "Due process requires that in order to subject a nonresident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id. (citing de Reyes v. Marine Management and Consulting, Ltd.*, 90-2214 (La.1991), 586 So.2d 103, *and International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, (1945)).

Under the minimum contacts/fair-play factors analysis set forth in *International Shoe*, we find that the Louisiana Workers' Compensation Court does not have personal jurisdiction over Kinetics. It is undisputed that Kinetics did not do business in Louisiana, nor did it have offices in this state. It did not contract to supply services

4

or things in this state. The work performed by Hanks was performed in Puerto Rico and the injury occurred there as well. In fact, Hanks had never performed any work for Kinetics in Louisiana. The only contacts Kinetics had with Louisiana whatsoever was the email sent to Hanks at his Louisiana residence. We find that Kinetics did not have sufficient minimum contacts with Louisiana. Therefore, to subject them to the personal jurisdiction of a Louisiana court would offend the traditional notions of fair play and substantial justice.

For the reasons set forth, the writ is granted. The workers' compensation ruling denying the exception of lack of personal jurisdiction is reversed, and judgment is rendered in Kinetics' favor, granting the exception and, thereby, dismissing Kinetics as a defendant. Costs of this appeal are to be split between the parties.

**REVERSED.**