STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 07-667


GARY BALDWIN

VERSUS

NORTH AMERICAN ENERGY SERVICES


**********


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 06-06843
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE


**********


BILLY HOWARD EZELL
JUDGE


**********


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
Billy Howard Ezell, Judges.


REVERSED AND REMANDED.


Douglas Lee Bryan
The Bryan Law Firm, LLC
P. O. Box 707
Marksville, La 71351-0707
(318) 240-8282
Counsel for Plaintiff/Appellant:
Gary Baldwin

**Kirk Lindsay Landry**
**Keogh, Cox, & Wilson, Ltd.**
**P. O. Box 1151**
**Baton Rouge, LA 70821**
**(225) 383-3796**
**Counsel for Defendant/Appellee:**
**North American Energy Services**

**EZELL, Judge.**

Gary Baldwin appeals a judgment from the Office of Workers' Compensation which dismissed his claim against North American Energy Services Company for lack of subject-matter jurisdiction. Mr. Baldwin was injured in an automobile accident in Las Vegas, Nevada while working for North American Energy Services. He argues that he was working under a "contract of hire" formed in Louisiana, so jurisdiction is proper here.

Louisiana Revised Statutes 23:1035.1 provides for subject-matter jurisdiction in Louisiana when an accident occurs outside the state as follows:

> (1) If an employee, while working outside the territorial limits of this state, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this Chapter had such injury occurred within this state, such employee, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this Chapter, provided that at the time of such injury
>
> (a) his employment is principally localized in this state, or
>
> (b) he is working under a contract of hire made in this state.

The workers' compensation judge ruled that there was no solicitation in Louisiana by North American Energy Services so that a contract of hire was not formed in Louisiana. He granted the exception of subject-matter jurisdiction and dismissed Mr. Baldwin's claim for workers' compensation benefits.

The facts surrounding Mr. Baldwin's employment were not in dispute at trial. Initial contact with North American Energy Services was made by a friend of Mr. Baldwin, Justin Wells. Mr. Wells contacted Dominick Giametta, a supervisor with North American Energy Services, in Texas regarding employment. Mr. Wells testified that he was hired on the phone and paperwork was sent to him in Louisiana to fill out. Mr. Giametta asked him if he knew of six other people to fill the crew.

1

Mr. Wells informed Mr. Baldwin and another friend, Clint Ainsworth, about the job. Mr. Ainsworth stated that he called Mr. Giametta because the company was looking for help in Las Vegas. He testified that he was hired on the phone. Mr. Giametta mailed employment forms to him at his home in Louisiana. Mr. Giametta informed both Mr. Wells and Mr. Baldwin that they had the job as long as the drug screens were negative. The drug screens were performed in Louisiana. The men then flew from Alexandria to Las Vegas, where they were reimbursed for the cost of the flight and began work. There was no testimony from Mr. Baldwin at the hearing because, as Mr. Baldwin's attorney explained, Mr. Baldwin has no direct recollection as to how he was hired since he sustained a head injury in the accident.

The conclusion as to whether a claimant was working under a contract of hire made in Louisiana is a factual determination which may not be disturbed on appeal in the absence of showing manifest error. *Hanks v. Kinetics Group, Inc.*, 03-1354 (La.App. 3 Cir. 6/2/04), 878 So.2d 782, *writs denied*, 04-1517, 04-1693 (La. 10/1/04), 883 So.2d 990, 994.

The parties' intent is paramount in determining whether a contract should be regarded as a Louisiana contract or that of another state in a workers' compensation case. *Offord v. Border to Border Trucking*, 00-1201 (La.App. 3 Cir. 2/7/01), 779 So.2d 1090; *Hurtado v. CJC Service, Inc.*, 05-736 (La.App. 5 Cir. 3/14/06), 926 So.2d 624.

It appears the only reason the workers' compensation judge declined to find a contract of hire in Louisiana is because the men themselves initiated contact with Mr. Giametta. However, we find that it was manifest error for the workers' compensation judge to rely on this one fact. In reviewing all the facts regarding the hiring of the men, one can only conclude that a contract of hire was formed in Louisiana.

In *Harvey v. B E & K Construction*, 30,825 (La.App. 2 Cir. 8/19/98), 716 So.2d 514, the court recognized the holding in *Ohlausen v. Sternberg Dredging Co.*, 218 La. 677, 50 So.2d 803 (1951), in which the supreme court held that the determining factor that an employment contract was entered into in Louisiana was the existence of a definitive agreement prior to the plaintiff leaving his home in Louisiana and traveling to another state where a job awaited him. In *Harvey* the court found that a contract of hire was formed in Louisiana based on a verbal agreement even though paperwork had to be completed in Virginia.

In *Sigler v. Rand*, 04-1138 (La.App. 3 Cir. 12/29/04), 896 So.2d 189, *writ denied*, 05-278 (La. 4/1/05), 897 So.2d 611, this court agreed with the workers' compensation judge's finding that a contract of hire was formed in Louisiana where the employer telephoned the claimant at his home in Louisiana, the claimant was hired over the telephone in Louisiana, the employer mailed him a contract at his home in Louisiana, and the claimant signed the contract at his home in Louisiana and mailed it back to the employer's Houston office.

This court held in *Granger v. F.F.E. Transportation Service*, 98-127 (La.App. 3 Cir. 5/13/98), 713 So.2d 667, that a claimant had a reasonable and legitimate expectation that she was hired in Louisiana before traveling to Texas for orientation training, regardless of whether the recruiter had actual authority to hire recruits.

These cases are unlike the case of *Parr v. U.S. Express Enterprises, Inc.*, 06-320 (La.App. 5 Cir. 10/31/06), 946 So.2d 178, in which a contract of hire was not formed in Louisiana when the claimant admitted that she knew before leaving Louisiana that she had to complete orientation, pass her physical, and pass a road test before she could be hired as a driver.

3

Clearly there was an understanding that these men had been hired prior to leaving Louisiana. While the phone call may not have been initiated by North American Energy Services, all negotiations, paperwork, testing, and agreements were performed and finalized in Louisiana. Mr. Giametta even requested that Mr. Wells find other workers in Louisiana to the fill the crew needed for the job; one of the people hired per this request was Mr. Baldwin. We find that the workers' compensation judge erred in not finding a contract of hire had been made in Louisiana and that subject-matter jurisdiction was proper in Louisiana.

The judgment of the Office of Workers' Compensation is reversed, and this case is remanded for further proceedings. All costs of this appeal are assessed to North American Energy Services.

**REVERSED AND REMANDED.**