STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-741


BRIAN HESSER

VERSUS

NABORS DRILLING USA, LP


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - #1W
PARISH OF SABINE, NO. 09-02987
CAREY RAUHMAN HOLLIDAY, WORKERS' COMPENSATION JUDGE

**********

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Billy Howard Ezell, Judges.

                                                    **AFFIRMED.**

Kevin Andrew Marks
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street - 40th Floor
New Orleans, LA 70139
(504) 525-6802
COUNSEL FOR:
        Defendant/Appellee - Nabors Drilling USA, LP

Mark Kenneth Manno
Fischer & Associates
3421 Youree Drive
Shreveport, LA 71105
(318) 869-0304
COUNSEL FOR:
        Plaintiff/Appellant - Brian Hesser

**THIBODEAUX, Chief Judge.**

Brian Hesser appeals the judgment of the Office of Workers' Compensation ("OWC") finding that there was no Louisiana jurisdiction for Mr. Hesser's worker's compensation claim against defendant Nabors Drilling USA, LP ("Nabors"). The question at trial was whether Mr. Hesser's contract of hire was executed in Texas or Louisiana. The OWC concluded that the contract of hire was executed in Texas. Thus, Louisiana lacked subject matter jurisdiction. For the following reasons, we affirm the OWC's judgment.

## I.

## ISSUE

We must decide whether the trial court erred in holding that the contract of hire was executed Texas, thereby finding that Louisiana lacked subject matter jurisdiction for Mr. Hesser's worker's compensation claim.

## II.

## FACTS AND PROCEDURAL HISTORY

In August 2008, Mr. Hesser was unemployed and looking for work. He drove to Nabors' Rig 764 in Westdale, Louisiana to inquire about available positions. Upon arriving at the rig, Mr. Hesser met with Trey Brown, a Nabors employee. Mr. Brown and Mr. Hesser worked together previously for another company, so Mr. Brown offered to introduce Mr. Hesser to Donny Oliveaux, the rig manager. Mr. Brown recommended Mr. Hesser for employment. Mr. Oliveaux told Mr. Hesser to make an appointment at Nabors' Human Resources office in Kilgore, Texas for the completion of paperwork, a drug and alcohol test, and a pre-employment physical. At that time, Mr. Oliveaux did not discuss a particular position with Mr. Hesser, nor did he make Mr. Hesser an offer of employment.

Shortly after his conversation with Mr. Oliveaux, Mr. Hesser traveled to Kilgore, Texas and reported to Nabors' Human Resources office. There, Mr. Hesser completed a job application, obtained a pre-employment physical, and completed a drug and alcohol screening. Mr. Hesser also signed Nabors' Conditional Offer Acknowledgment form, wherein he acknowledged that his employment with Nabors was conditional on passing a drug screen, alcohol test, physical exam, background check, and completion of all paperwork.

After successfully completing all of Nabors' pre-employment conditions, and while still in Kilgore, Mr. Hesser spoke with Justin Culpepper, a Nabors rig superintendent. Mr. Culpepper informed Mr. Hesser that he was hired and that he should report to Rig F-38 near Garrison, Texas for employment.

In November 2008, Mr. Hesser injured his lower back while working on a drilling rig in Texas. Following the accident, Nabors instituted payment of indemnity and medical benefits under Texas workers' compensation law.

In April 2009, Mr. Hesser filed a disputed claim for compensation ("Form 1008") with the Louisiana Office of Workers' Compensation. The only issue presented on the Form 1008 was whether Louisiana jurisdiction existed pursuant to the extraterritorial provisions of La.R.S. 23:1035.1. In response, Nabors filed an exception for lack of subject matter jurisdiction. The OWC determined that Mr. Hesser's contract of hire was executed in Texas. Thus, Louisiana lacked jurisdiction. Mr. Hesser appeals.

III.

## LAW AND DISCUSSION

### Standard of Review

The supreme court articulated the standard of review in workers' compensation cases as follows:

> In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. *Brown v. Coastal Construction & Engineering, Inc.*, 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing *Alexander v. Pellerin Marble & Granite*, 93-1698, pp. 5-6 (La. 1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander*, 630 So.2d at 710. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Robinson v. North American Salt Co.*, 02-1869 (La.App. 1 Cir. 2003), 865 So.2d 98, 105[, *writ denied*, 03-2581 (La. 11/26/03), 860 So.2d 1139].

*Dean v. Southmark Const.*, 03-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117.

Moreover, the conclusion as to whether a claimant was working under a contract of hire made in Louisiana is a factual determination which may not be disturbed on appeal in the absence of showing manifest error. *Hanks v. Kinetics Group, Inc.*, 03-1354 (La.App. 3 Cir. 6/2/04), 878 So.2d 782, *writs denied*, 04-1517 (La. 10/1/04), 883 So.2d 990; 04-1693 (La. 10/1/04), 883 So.2d 994.

### Jurisdictional Analysis

Louisiana Revised Statutes 23:1035.1 provides extraterritorial coverage of the Louisiana Workers' Compensation Act. It provides, in part:

> (1) If an employee, while working outside the territorial limits of this state, suffers an injury on account

3

of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this Chapter had such injury occurred within this state, such employee . . . shall be entitled to the benefits provided by this Chapter, provided that at the time of such injury:

(a) his employment is principally localized in this state, or

(b) he is working under a contract of hire made in this state.

It is clear that Mr. Hesser's employment was not principally located in Louisiana. Thus, the issue is whether Mr. Hesser was working under a contract of hire made in Louisiana. The intent of the parties is "[o]f paramount importance in determining the location of an employee's contract." *LeJeune v. Bell Tower Corp.*, 09-1222, pp. 3-4 (La.App. 3 Cir. 4/7/10), 34 So.3d 464, 467. Moreover, the OWC's finding on this issue is factual. *Id.*

Mr. Hesser contends that his contract with Nabors was executed in Louisiana. In support of his argument, Mr. Hesser relies on the following cases: *Granger v. F.F.E. Transp. Serv.*, 98-127 (La.App. 3 Cir. 5/13/98), 713 So.2d 667; *Harvey v. BE & K Constr.*, 30,825 (La.App. 2 Cir. 8/19/98), 716 So.2d 514; *Dodd v. Merit Elec., Inc.*, 44,035 (La.App. 2 Cir. 4/15/09), 8 So.3d 849; *Offord v. Border to Border Trucking*, 00-1201(La.App. 3 Cir. 2/7/01), 779 So.2d 1090; *Baldwin v. N. Am. Energy Servs.*, 07-667 (La.App. 3 Cir. 10/31/07), 970 So.2d 101; and *LeJeune,* 34 So.3d 464.

The cases cited by Mr. Hesser are distinguishable from his case. Namely, all of the cases cited above involved a clear *offer* of employment in Louisiana. Though some offers were made over the phone and others were made in person, at the end of the day, no question existed as to whether the employee received an offer of employment. That is not the case here.

4

Mr. Hesser claims he left Louisiana and traveled to Kilgore, Texas with the thought that he was already a Nabors employee. Messrs. Oliveaux and Brown, however, unequivocally deny that a job offer was made to Mr. Hesser in Louisiana. They admit meeting with Mr. Hesser and encouraging him to proceed through the hiring process in Kilgore, but they contend that no specific offer of employment was made.[1] The hearing officer, faced with conflicting testimony, chose to believe Messrs. Oliveaux and Brown, concluding that Mr. Hesser was not offered a job with Nabors until he completed the pre-employment requirements in Kilgore, Texas.

"The issue is not whether the hearing officer was right or wrong, but whether the factual conclusion was reasonable." *Harvey*, 716 So.2d at 517. We find that it was. Accordingly, Louisiana does not have subject matter jurisdiction over Mr. Hesser's claim.

IV.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the OWC. Costs of this appeal are assessed against Mr. Hesser.

**AFFIRMED**.

---

[1]Indeed, neither Mr. Oliveaux nor Mr. Brown had the authority to hire for Nabors. Mr. Hesser admitted in deposition that he knew neither gentleman had the authority to hire.