CHUTZ, J.
Plaintiff-appellant, Richard Creel, and intervenor-appellant, Great American Alliance Company (Great American), appeal the trial court's judgment, granting summary judgment in favor of defendants-appellees, International-Matex Tank Terminals (IMTT) and IMTT-Bayonne, LLC, which, applying Louisiana law, determined *1013 that defendants as Creel's statutory employers are immune from tort liability and entitled to a dismissal of Creel's claims. The appealed judgment also denied Creel's cross motion for summary judgment, seeking an application of New Jersey law and a finding that the defendants do not have tort immunity.[1] Concluding that the trial court applied the incorrect choice-of-law provisions, we reverse the grant of defendants' motion for summary judgment, affirm the denial of Creel's cross motion for summary judgment, and remand for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
On March 3, 2014, while employed as an electrician for his direct employer, Versatech Automation Services, LLC (Versatech), Creel was working at the IMTT-Bayonne, LLC facility in Bayonne, New Jersey. He was on a platform and, as he turned to get his tools, an unanchored grating fell through the platform, causing Creel to also fall through and sustain injuries to his back and knee.
The Employer's First Report of Accidental Injury was filed in New Jersey. Great American subsequently changed the jurisdiction on the claim to Louisiana and began paying Creel weekly disability benefits.
Soon after, Creel initiated this tort litigation arising out of the accident and named numerous entities as defendants, alleging they were responsible for the unanchored condition of the grating. By amendments to his petition, Creel also added IMTT and IMTT-Bayonne, LLC as defendants, contending they were liable to him as premises owners.[2] Great American intervened in the lawsuit, seeking reimbursement from all parties found liable to Creel.
Thereafter, IMTT and IMTT-Bayonne, LLC filed a joint motion for summary judgment, averring that although the accident occurred in New Jersey, Louisiana law applied to Creel's claim and that they were entitled to dismissal from the litigation. Creel subsequently filed a cross motion for summary judgment, averring that New Jersey law applied to the resolution of the dispute and that, under New Jersey law, neither IMTT nor IMTT-Bayonne, LLC were entitled to dismissal from the lawsuit.
After a hearing, the trial court issued reasons for judgment, concluding that *1014 Louisiana law applied to the issue of whether IMTT and IMTT-Bayonne, LLC were statutory employers and that under Louisiana Workers' Compensation provisions, these defendants were immune from tort liability.[3] A judgment subsequently was rendered in conformity with the trial court's written reasons, granting IMTT and IMTT-Bayonne, LLC's joint motion for summary judgment, dismissing Creel's claims against them, and denying Creel's cross motion for summary judgment.[4] Creel and Great American appeal.
DISCUSSION
In reaching its conclusion that Louisiana law applied to the issue of whether IMTT and IMTT-Bayonne, LLC are Creel's statutory employers, the trial court looked to Book IV of the Louisiana Civil Code, entitled "Conflicts of Law." Identifying the issue before it as one of loss distribution and financial distribution, the trial court then applied the provisions of La. C.C. art. 3544.[5]
Unless otherwise expressly provided by the law of this state, cases having contacts with other states are governed by the law selected in accordance with the provisions of Book IV of the Civil Code. La. C.C. art. 14. Because the Workers' Compensation Act contains specific provisions on choice of law in workers' compensation matters, supplemented where necessary by the interpretive case law, Book IV of the Civil Code is inapplicable. See Johnson, 14 Louisiana Civil Law Treatise, Workers' Compensation Law and Practice § 404 (5th ed. 2010).
La. R.S. 23:1035.1, entitled "Extraterritorial coverage," states in relevant part:
(1) If an employee, while working outside the territorial limits of this state, suffers an injury on account of which he ... would have been entitled to the benefits provided by this Chapter had such injury occurred within this state, such employee ... shall be entitled to the benefits provided by this Chapter, provided that at the time of such injury[:]
(a) his employment is principally localized in this state, or
(b) he is working under a contract of hire made in this state.
Thus, according to this statute, workers' compensation coverage for an injured employee *1015 working outside the territorial limits of the state is only available if, at the time of the injury, his employment is principally "localized" in Louisiana or he is working under a contract of hire made in this state. Kennington v. H. Blume Johnson, Inc., 94-0744 (La. 7/1/94), 638 So.2d 1066, 1067 (per curiam).
In this case, the parties provided evidence in conformity with their respective allegations that Book IV of the Civil Code applied to the issue of which state's law applied to the determination of whether IMTT and/or IMTT-Bayonne, LLC are entitled to tort immunity. Our review of the attachments to the motions for summary judgment admitted into evidence shows that IMTT and IMTT-Bayonne, LLC failed to establish that Creel's employment was principally localized in Louisiana.[6] Additionally, to the extent that IMTT and IMTT-Bayonne, LLC sustained their initial burden of proof, Creel responded with sufficient evidence to demonstrate an outstanding issue of material fact insofar as whether Creel was working under a contract of hire made in Louisiana.[7]
Mindful that the determination that the payment of workers' compensation benefits in Louisiana was an administrative determination by the workers' compensation carrier, not one that was litigated in the courts,[8] and that in presenting their motions for summary judgment the parties did not raise the issue of the application of the provisions of La. R.S. 23:1035.1 to the choice-of-law determination, see La. C.C.P. art. 966F,[9] we conclude that, on the showing *1016 made, the trial court erred in granting summary judgment in favor of IMTT and IMTT-Bayonne, LLC, based on its determinations that Louisiana law applied and under an application of Louisiana law, defendants were Creel's statutory employers who were immune from tort liability and, therefore, entitled to dismissal from the lawsuit. For the same reasons, we find no error in the trial court's denial of Creel's cross motion for summary judgment seeking to apply New Jersey law to find that IMTT and IMTT-Bayonne, LLC are not immune from tort liability.
DECREE
For these reasons, that portion of the trial court's judgment, which granted IMTT and IMTT-Bayonne, LLC's joint motion for summary judgment, is reversed. That portion of the trial court's judgment, which denied Creel's cross motion for summary judgment, is affirmed. The matter is remanded to the trial court for proceedings consistent with this opinion. Appeal costs are assessed one-half to plaintiff-appellant, Richard Creel, and one-half to defendants-appellees, International-Matex Tank Terminals and IMTT-Bayonne, LLC.
APPEAL MAINTAINED; REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.

As part of their appeal, Creel and Great American contend that the trial court erred in its choice-of-law analysis, which resulted in a denial of Creel's cross motion for summary judgment on the issue of the applicability of New Jersey law to the determination of whether defendants are immune from tort liability. Although the denial of a motion for summary judgment is an interlocutory judgment and is appealable only when expressly provided by law, where there are cross motions for summary judgment raising the same issues, this court can review the denial of a summary judgment in addressing the appeal of the granting of the cross motion for summary judgment. Waterworks Dist. No. 1 of Desoto Par. v. Louisiana Dep't of Pub. Safety & Corr., 2016-0744 (La. App. 1st Cir. 2/17/17), 214 So.3d 1, 3 n.1, writ denied. 2017-0470 (La. 5/12/17), 219 So.3d 1103. Thus, because we consider the propriety of the trial court's choice-of-law determination in conjunction with its grant of summary judgment in favor of defendants, the denial of Creel's cross motion for summary judgment is also before us in this appeal.

Because in its answer in Creel's first amended petition, IMTT identified IMTT-Bayonne, Inc. as the premises owner, Creel amended his petition a second time to name this entity as a defendant, alleging it was liable as the facility owner. However, IMTT-Bayonne, LLC answered Creel's twice amended petition, noting that had been incorrectly named as IMTT-Bayonne, Inc.

See La. R.S. 23:1032 and 1061.

In response to this court's determination that the trial court's judgment lacked necessary decretal language, the trial court issued an amended judgment which we find cures the deficiency.

La. C.C. art. 3544 states:
Issues pertaining to loss distribution and financial protection are governed, as between a person injured by an offense or quasi-offense and the person who caused the injury, by the law designated in the following order:
(1) If, at the time of the injury, the injured person and the person who caused the injury were domiciled in the same state, by the law of that state. Persons domiciled in states whose law on the particular issue is substantially identical shall be treated as if domiciled in the same state.
(2) If, at the time of the injury, the injured person and the person who caused the injury were domiciled in different states: (a) when both the injury and the conduct that caused it occurred in one of those states, by the law of that state; and (b) when the injury and the conduct that caused it occurred in different states, by the law of the state in which the injury occurred, provided that (i) the injured person was domiciled in that state, (ii) the person who caused the injury should have foreseen its occurrence in that state, and (iii) the law of that state provided for a higher standard of financial protection for the injured person than did the law of the state in which the injurious conduct occurred.

See Stapleton v. Travelers Ins. Co., 359 So.2d 1051, 1054-55 (La. App. 3d Cir.), writ denied, 360 So.2d 1176 (La. 1978) (giving the phrase "principally localized" a broad interpretation and applying a totality-of-the-circumstances standard to conclude that the plaintiff's employment was principally localized in Louisiana when the injury occurred out of state, to an individual who had spent only about three months of employment in Louisiana and the remainder out of state but the employee's salary was paid from an office within Louisiana; his work vehicles were registered and licensed here; he received travel expenses from the Louisiana office for his travel to out-of-state work locations; and all of his weekly job reports were filed with the Louisiana office).

See Lakvold v. Stevens Transp., 95-0866 (La. App. 1st Cir. 12/15/95), 665 So.2d 828, 829 (in determining whether a contract should be regarded as a Louisiana contract or that of another state's in workers' compensation cases, the parties' intent should be paramount. Some of the factors to be considered in determining the parties' intent include the domicile of the parties, the nature of the work to be done, and the place where the employment was initiated). While IMTT and IMTT-Baronne, LLC showed that IMTT had a corporate office in New Orleans, Louisiana, IMTT-Bayonne, LLC had a principal business establishment in Harvey, Louisiana, and that Creel was hired out of Versatech's Harvey, Louisiana office, Creel showed that the contract did not go into effect until Versatech's arrival at the IMTT-Bayonne LLC facility. And while it was undisputed that Creel worked as an electrician, the nature of the Versatech's work in the IMTT-Bayonne, LLC facility was not sufficiently developed by either Creel or IMTT and IMTT-Baronne, LLC to ascertain the parties' intent as to whether the contract should be considered a Louisiana contract.

See e.g., La. R.S. 23:1035.1(2) & (2)(b) providing that the payment or award of benefits under the workers' compensation law of another state shall not be a bar to a claim for benefits under Louisiana's act and allowing that the total amount of all income benefits paid or awarded the employee under another states workers' compensation law shall be credited against the total amount of income benefits which would have been due the employee under Louisiana's act had the claim been made solely under this act; see also 14 Louisiana Civil Law Treatise, Workers' Compensation Law and Practice § 409 (addressing the application of more than one state's law to the controversy).

La. C.C.P. art. 966F states, "A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time."