# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 19-920

**GRADY RONALD FORD**

**VERSUS**

**PHILLIPS 66 COMPANY**

**********

SUPERVISORY WRIT FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2018-2990, DIV. F
HONORABLE SHARON D. WILSON, DISTRICT JUDGE

**********

**JONATHAN W. PERRY**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, John E. Conery, and Jonathan W. Perry, Judges.

**WRIT GRANTED AND MADE PEREMPTORY.**

**G. Andrew Veazey**
**VEAZEY FELDER & RENEGAR, LLC**
**2 Flagg Place**
**Post Office Box 80948**
**Lafayette, Louisiana  70598-0948**
**(337) 234-5350**
**COUNSEL FOR DEFENDANT/RELATOR:**
**Phillips 66 Company**


**George B. Barron**
**108 N. 7th Street**
**Post Office Box 279**
**Orange, Texas  77631-0279**
**(409) 886-3090**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
**Grady Ronald Ford**


**David Dies**
**Dies & Parkhurst, LLP**
**107 Strickland Drive**
**Orange, Texas  77630**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
**Grady Ronald Ford**

**PERRY, Judge.**

Defendant/Relator, Phillips 66 Company (Phillips 66), seeks supervisory review of the judgment of the trial court that denied its motion for summary judgment. For the following reasons, we hereby grant the writ application, reverse the ruling of the trial court, and enter a summary judgment in favor of Phillips 66 dismissing the claims of Plaintiff/Respondent, Grady Ronald Ford (Ford), against it with prejudice.

## FACTS AND PROCEDURAL HISTORY

Ford, a domiciliary of Texas, was injured on July 25, 2017, at Phillips 66's refinery in Westlake, Louisiana. Ford was injured while acting within the course and scope of his employment as a truck driver for Kenan Transport, LLC (Kenan Transport). Ford's job required him to travel to different refineries and chemical companies to deliver, pick up, and transport liquid hydrocarbons. On the day of the accident, Ford sustained a tear in the rotator cuff and muscles in his shoulders when he was trying to open a valve in order to put a load of butane into a transport truck. Allegedly, the valve had been improperly maintained and could not be opened without extreme effort. As a result of his accident, Ford filed a claim to receive workers' compensation benefits under Texas law. Subsequently, Ford also filed the instant tort action claiming Phillips 66 negligently caused his injuries.

Phillips 66 is a Delaware corporation with its principal place of business in Texas. It is a publicly traded, multinational energy company that is organized under four operating segments. One of Phillips 66's operating segments is referred to as Midstream, and that segment deals with the processing, storage, and transportation of crude oil, petroleum product, natural gas, and natural gas liquids. In connection with its Midstream segment, Phillips 66 utilizes the services of Kenan Transport, which is a subsidiary of The Kenan Advantage Group, Inc., to transport fuels,

chemicals, and industrial gases from Phillips 66's refinery in Westlake, Louisiana, to Phillips 66's customers in Louisiana. The services which Kenan Transport provides for Phillips 66 are performed pursuant to a series of Master Service-type Contracts. One such contract is the 2017 Rider Contract which Kenan Transport and Phillips 66 executed on February 1, 2017 (the 2017 Rider). The 2017 Rider set forth the term of the services to be provided, the particular Master Service Contract under which said services would be performed, the substances to be transported, the locations where products would be transported, and the rates to be charged for these services. Another such contract is the 2017 Master Motor Carrier Services Agreement (the 2017 MSA) which served to replace a Master Service Contract that had been executed by the parties in 2013 (the 2013 MSA). The terms of the 2017 Rider provide that it applied to the 2013 MSA. The 2017 MSA, which has an effective date of July 1, 2017, was signed by Kenan Transport on July 31, 2017, and signed by Phillips 66 on August 8, 2017. The 2013 MSA and the 2017 MSA included identical provisions entitled "Coverage of Louisiana Workers' Compensation Law" (emphasis added),[1] which stated:

> **The following provisions and terms shall apply in all cases where [Kenan Transport's] employees** (defined to include [Kenan Transport's] direct, borrowed, special, or statutory employees) **are covered by the Louisiana Workers' Compensation Law**, Louisiana Revised Statutes ("La. R.S.") 23:1021 et seq., as to the Services performed under this Agreement or any Rider:
>
> 1.  **In all cases where [Kenan Transport's] employees (as defined above) are covered by the Louisiana Workers' Compensation Law**, La. R.S. 23: 1021 et seq., *[Phillips 66] and [Kenan Transport] agree that the work and operations performed by [Kenan Transport] and its employees pursuant to the Agreement or Rider are an integral part of and are essential to the ability of [Phillips 66] to generate [Phillips 66's] goods, products and services, and that [Kenan Transport's] work and services*

_____

[1] The emboldened text is language Ford highlights to support his position. The italicized text is language Phillips 66 highlights to support its position.

2

*shall be considered part of [Phillips 66's] trade, business, and occupation, for purposes of La. R.S. 23:1061(A)(1). Furthermore, [Phillips 66] and [Kenan Transport] agree that [Phillips 66] is the principal or statutory employer of [Kenan Transport's] employees for purposes of La. R.S. 23:1061(A) only.* Irrespective of [Phillips 66's] status either as the principal or statutory employer or as the special employer (as defined in La. R.S. 23:1031[C]) of [Kenan Transport's] employees, and regardless of any other relationship or alleged relationship between [Phillips 66] and [Kenan Transport's] employees, [Kenan Transport] shall be and remain at all times primarily responsible for the payment of Louisiana workers' compensation to such employees, and shall not be entitled to seek contribution for any such payments from [Phillips 66]. **This Exhibit is limited to and shall apply only in and to the extent of instances involving coverage of the Louisiana Workers' Compensation Law**.

2.  Notwithstanding any other provision of this Agreement, [Kenan Transport] shall, in addition to and without limitation of other insurance requirements, under all circumstances cause insurance described in Sections 19.1.1, 19.1.2 of the Agreement to be endorsed to designate, protect, and insure [Phillips 66] in any employment or alleged employment capacity including, but not limited to, as an alternate employer, as a principal and statutory employer, as a borrowing or "special" employer, and as a maritime employer against all claims whatsoever, whether for workers' compensation benefits, maintenance and cure, wages, death benefits, disability, or otherwise, related to employment or use of [Kenan Transport's] employees or any other workers furnished by [Kenan Transport] to perform work under this Agreement or any Rider and shall cause such insurers and their underwriters to waive unconditionally any rights of subrogation against [Phillips 66].

Nothing in this Exhibit shall be deemed to extend to [Phillips 66] a right of control or direction over [Kenan Transport's] employees or to affect or modify either [Kenan Transport's] status as an independent Motor Carrier or [Kenan Transport's] obligations under Section 11.2 or under any other provision of this Agreement.

Seeking dismissal of Ford's suit against it, Phillips 66 filed a motion for summary judgment, asserting it is exempt from a tort action by Ford because Phillips 66 qualifies as Ford's statutory employer under La.R.S. 23:1061. Ford responded, disputing the above-quoted provision applies to him in such a way as to make

3

Phillips 66 his statutory employer. Ford further disputed Phillips 66's assertion that he is covered by Louisiana workers' compensation, insisting he is covered by Texas workers' compensation and has been paid income and medical benefits thereunder.

Following a hearing, the matter was taken under advisement. In written reasons for judgment issued on November 26, 2019, the trial court concluded a genuine issue of material fact precluded issuance of summary judgment in favor of Phillips 66. The trial court explained, in pertinent part:

> [T]he first paragraph of the [Master Motor Carrier Services Agreement] provided to the Court says the provision shall apply in all cases where employees are covered by the [Louisiana Workers' Compensation Law]. There lies an issue as to whether or not Texas law applies, this is because there is a question of whether or not [Ford] was working under a contract of hire made in Louisiana. In *Hanks v. Kinetics Group, Inc.*, 03-1354 (La.App. 3 Cir. 6/2/04), 878 So.2d 782, [*writs denied*, 04-1517, 04-1693 (La. 10/1/04), 883 So.2d 990, 994,] the Court determined that the conclusion as to whether a claimant was working under a contract of hire made in Louisiana is a factual determination. In *Baldwin v. N. Am. Energy Servs.*, [07-667 (La.App. 3 Cir. 10/31/07), 970 So.2d 101, *writ denied*, 07-2310 (La. 2/1/08), 976 So.2d 717, the] parties' intent is paramount in determining whether a contract should be regarded as a Louisiana contract or that of another state in a workers' compensation case. For all these reasons, there are issues of fact in this matter which moves this Court to deny the Motion for Summary Judgment.

Phillips 66 now seeks supervisory review of the trial court's denial of its motion for summary judgment, asserting the issue of whether Texas or Louisiana Law applies to this case is a legal question which can be decided on summary judgment. Phillips 66 specifically alleges the trial court's ruling: (1) erroneously conflated an issue of fact with an issue of law; (2) was in direct contravention of the undisputed fact that the 2017 MSA and the 2017 Rider applied to the work Ford was performing on the date of his accident at the Phillips 66 refinery in Westlake, Louisiana; (3) neglected to follow the conflict of laws' methodology courts have a duty to employ when determining the law that applies to an issue of loss distribution or financial protection under the Louisiana Civil Code; and (4) erroneously focused

4

on an undisputed and immaterial fact to decide there is an issue as to whether Louisiana law applies to this case.

This court granted Phillips 66's writ application and, in accordance with the provisions of La.Code Civ.P. art. 966(H) and this court's Internal Rule 30,[2] assigned the case for briefing and permitted the parties an opportunity to request oral argument. Phillips 66 requested oral argument, but neither party filed additional briefs. On September 22, 2020, this court notified the parties oral argument had been rescinded and this case was to be considered submitted on briefs.

## SUPERVISORY RELIEF

"A court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court." *Herlitz Constr. Co., Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878, 878 (La.1981). "[T]his court's supervisory jurisdiction may also be exercised to reverse a trial court's denial of a motion for summary judgment and to enter summary judgment in favor of the mover." *Zaunbrecher v. Martin*, 17-932, p. 5 (La.App. 3 Cir. 3/21/18), 242 So.3d 712, 717-18 (citing *Csaszar v. Nat'l Cas. Co.*, 14-1273 (La.App. 3 Cir. 11/4/15), 177 So.3d 807, *writ denied*, 15-2221 (La. 1/25/16), 185 So.3d 752).

---

[2] Louisiana Code of Civil Procedure Article 966(H) provides: "On review, an appellate court shall not reverse a trial court's denial of a motion for summary judgment and grant a summary judgment dismissing a case or a party without assigning the case for briefing and permitting the parties an opportunity to request oral argument." This court's Internal Rule 30 provides:

> When this court issues an order in a summary judgment proceeding assigning a case for briefing and permitting the parties an opportunity to request oral argument in accordance with La.Code Civ.P. art. 966.H, the parties shall have fourteen (14) days from the mailing of this order within which to file a motion requesting oral argument on the merits. The motion shall state the reasons why oral argument is necessary and shall be accompanied with the appropriate filing fee.

## STANDARD OF REVIEW

"A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant." *Murphy v. Savannah*, 18-991, p. 6 (La. 5/8/19), 282 So.3d 1034, 1038. The procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of actions. La.Code Civ.P. art. 966(A)(2).

Louisiana's Code of Civil Procedure places the burden of proof on the party filing a motion for summary judgment. La.Code Civ.P. art. 966(D)(1). However, if we determine the moving party has met this onerous burden, the burden then shifts to "the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id*.

This court reviews a trial court's grant or denial of summary judgment de novo "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Murphy*, 282 So.3d at 1038. "A fact is material if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Stated another way, facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *S. La. Bank v. Williams*, 591 So.2d 375, 377 (La.App. 3 Cir. 1991), *writ denied*, 596 So.2d 211 (La.1992).

## LAW

Under the Louisiana Workers' Compensation Act (the Act), an employer is liable for compensation benefits to an employee who is injured as a result of an accident arising out of and in the course and scope of employment. La.R.S. 23:1031.

Generally, the rights and remedies under the Act provide an employee's exclusive remedy against the employer for such injury. *Id.* In addition, the Act applies both to a direct employer/employee relationship, as well as to a statutory employer/employee relationship. *Mitchell v. S. Scrap Recycling, L.L.C.*, 11-2201 (La.App. 1 Cir. 6/8/12), 93 So.3d 754, *writ denied*, 12-1502 (La. 10/12/12), 99 So.3d 47.

The statutory employer defense to tort liability arises from the language of La.R.S. 23:1032, read in conjunction with La.R.S. 23:1061. The workers' compensation exclusive remedy provision contained in La.R.S. 23:1032, entitled "Exclusiveness of rights and remedies; employer's liability to prosecution under other laws," provides, in pertinent part:

> A.(1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
>
> (b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
>
> (2) For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.

Statutory employer immunity is contained in La.R.S. 23:1061, entitled "Principal contractors; liability," which provides:

A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.

(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.

Stated succinctly, under La.R.S. 23:1061(A)(1), a statutory employer is liable to pay to any employee employed in the execution of the work any compensation due under the Act and, in turn, shall be granted the exclusive remedy protections of

8

La.R.S. 23:1032. Under La.R.S. 23:1061(A)(3), a statutory employer relationship "shall not exist . . . unless there is a written contract between the principal and the contractor . . . which recognizes the principal as a statutory employer." When there is recognition of a statutory employer relationship in a written contract, a rebuttable presumption arises that the principal is the statutory employer of the contractor's employees that "may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." *Id.*

"An employer seeking to avail itself of tort immunity bears the burden of proving its entitlement to immunity." *Mitchell*, 93 So.3d at 758. Further, "[t]he ultimate determination of whether a principal is a statutory employer entitled to immunity is a question of law for the court to decide." *Id.*

## DISCUSSION

In its writ application to this court, Phillips 66 contends the Master Service Contract in effect between it and Kenan Transport recognizes its status as the statutory employer of Kenan Transport's employees, including Ford, as contemplated by La.R.S. 23:1061(A)(3). Phillips 66 asserts the transport services which Ford performed for Kenan Transport were performed under the 2017 Rider and were an integral part of and essential to Phillips 66's trade, business, and occupation. Phillips 66 argues it has proved its entitlement to immunity and Ford has failed to produce any evidence to rebut the presumption that Phillips 66 was his statutory employer by establishing he will be able to prove at trial that the work he was performing was not integral or essential to the ability of Phillips 66 to generate its goods, products, or services. Phillips 66 urges this court to find it is entitled as a matter of law to judgment dismissing Ford's tort claims pursuant to the tort immunity provided by La.R.S. 23:1032(A) and La.R.S. 23:1061(A).

9

In his opposition to the instant writ application, Ford contends this case deals with contract interpretation and application of the contract to the facts of this case. He asserts that while Phillips 66 relies on statutory employer provisions included in the Master Service Contracts, the express wording of those agreements indicates that the contractual provisions which declare Phillips 66 to be the statutory employer of Kenan Transport apply only to cases wherein Kenan Transport's employees are covered by Louisiana workers' compensation law. Ford argues the statutory employer provisions therein are limited to "instances involving coverage of the Louisiana Workers' Compensation Law." Ford asserts the facts in this case show he was never covered by Louisiana workers' compensation law.

Ford argues because he did not receive workers' compensation benefits in Louisiana, he does not meet the definition of a statutory employee in the Master Service Contracts between Kenan Transport and Phillips 66. Ford notes he was not a party to either the 2013 MSA or the 2017 MSA between Phillips 66 and Kenan Transport and claims he was never told about the statutory employer provisions included in those contracts until after he filed the instant lawsuit. Ford also notes that during his employment with Kenan Transport, he was sent to different refineries to deliver, pick up, or transport liquid hydrocarbons. He asserts that while he made occasional trips to Phillips 66's refinery in Westlake, Louisiana, his normal work sites were in Texas. Ford maintains that he was never told that he was an employee of Phillips 66 or that he could file a claim for Louisiana workers' compensation benefits. In fact, Ford alleges that after he was injured, he was advised by Kenan Transport's workers' compensation carrier that he had no other choice but to file a claim for Texas workers' compensation benefits. Ford contends that because he did not file a claim for Louisiana workers' compensation benefits within the one-year

prescriptive period set forth in La.R.S. 23:1209, the time for filing such a claim has expired.

Ford argues the statutory employer provisions of the Master Service Contracts at issue do not apply to him, and he is not Phillips 66's statutory employee as a matter of law. Alternatively, Ford alleges there is a genuine issue of material fact as to whether Phillips 66 is a statutory employer under the Master Service Contracts as applied to this case. He contends the trial court properly found there is a genuine issue of material fact regarding whether Ford had entered into a contract of hire made in Louisiana such that he would be covered by Louisiana workers' compensation law. Ford argues that factual question needs to be resolved before a determination can be made as to whether this case fell within the statutory employer provisions in the Master Service Contract at issue. We disagree.

According to Ford, since he did not receive Louisiana workers' compensation benefits, he was not a statutory employee of Phillips 66. Following this line of reasoning, the validity of a statutory employer provision in a contract between a direct employer and a statutory employer could be manipulated by the putative statutory employee—in this case, Ford—simply by opting not to apply for Louisiana workers' compensation benefits. We find Ford's assertion untenable.

Furthermore, after studying the trial court's reasons for denying Phillips 66's motion for summary judgment, we find its reliance upon *Hanks*, 878 So.2d 782, and *Baldwin*, 970 So.2d 101, to be misplaced. In *Hanks*, the claimant suffered injury in the course and scope of his employment in Puerto Rico. The employer sought supervisory review of the denial of its exceptions of lack of subject matter jurisdiction and lack of personal jurisdiction. This court found no error in the workers' compensation judge's factual determination that because the claimant, while in Louisiana, received an email from the employer, then altered and

11

effectuated a relocation agreement concerning the job in Puerto Rico, the claimant was working under a contract of hire made in Louisiana; thus, under La.R.S. 23:1035.1(1), the Louisiana workers' compensation court had subject matter jurisdiction to hear the claimant's case.[3]

In *Baldwin*, the claimant suffered injury in the course and scope of his employment in Nevada. The claimant appealed the grant of the employer's exception of lack of subject matter jurisdiction, resulting in the dismissal of the claimant's claim for Louisiana workers' compensation benefits. The workers' compensation judge determined Louisiana did not have subject matter jurisdiction because the claimant had initiated contact with the employer's representative in Texas, thus, the contract of hire was not made in Louisiana. This court reversed, finding that because "all negotiations, paperwork, testing, and agreements were performed and finalized in Louisiana," the contract of hire was made in Louisiana; thus, subject matter jurisdiction was proper in Louisiana under La.R.S. 23:1035.1(1). *Baldwin*, 970 So.2d at 103.

We find *Hanks* and *Baldwin* are unlike the matter before us and offer little guidance. According to La.R.S. 23:1035.1(1), "workers' compensation coverage for an injured employee working outside the territorial limits of the state is only available if, at the time of the injury, his employment is principally 'localized' in Louisiana or he is working under a contract of hire made in this state." *Creel v. Dolphin Services, L.L.C.*, 17-1355, p. 5 (La.App. 1 Cir. 8/22/18), 256 So.3d 1011, 1014-15, *writs denied*, 18-1570 (La. 2/18/19), 264 So.3d 449; 18-1557 (La. 2/18/19), 266 So.3d 286 (citing *Kennington v. H. Blume Johnson, Inc.*, 04-744 (La. 7/1/94),

---

[3] The denial of the employer's exception of lack of personal jurisdiction was, however, reversed. This court found the only contact the employer had with Louisiana was the email sent to the claimant at his Louisiana residence; thus, the employer did not have sufficient minimum contacts to subject it to the personal jurisdiction of a Louisiana court. Consequently, the claimant's claim for Louisiana workers' compensation benefits was dismissed.

638 So.2d 1066). Stated plainly, subsection 1 of La.R.S. 23:1035.1 provides for subject matter jurisdiction in Louisiana when an accident occurs outside the state; thus, it does not apply here since Ford's accident occurred in Louisiana. Therefore, while the trial court was correct in expressing that the issue of whether an employee is working under a contract of hire made in Louisiana is a determination of fact, it was incorrect to consider this a factual question which is material to Ford's case. *See Latour v. Allstate Ins. Co.*, 18-935 (La.App. 3 Cir. 12/28/18), 262 So.3d 1088, 1090-91, where this court concluded, "In deciding whether facts are material to an action, we look to the applicable substantive law." Thus, we find the trial court erred in concluding summary judgment is precluded because of the existence of a genuine issue of material fact.

In this case, the record reveals the material facts are undisputed; namely, Ford, a Texas domiciliary, was injured at Phillips 66 refinery in Westlake, Louisiana, on July 25, 2017. At the time of the accident, Ford was a direct employee of Kenan Transport. The work being performed by Ford at the time of his accident was governed by the 2017 MSA and the 2017 Rider between Kenan Transport and Phillips 66 which recognized it as "an integral part of and . . . essential to the ability of [Phillips 66] to generate [its] goods, products and services, and . . . shall be considered part of [Phillips 66's] trade, business and occupation[.]" Phillips 66 is a Delaware corporation with its principal place of business in Texas. Ford received Texas workers' compensation benefits following his accident, and the instant lawsuit filed by Ford against Phillips 66 is a non-intentional tort claim arising from Phillips 66's activities within Louisiana.

According to Phillips 66, whether Louisiana workers' compensation benefits were paid herein is immaterial. Instead, it is significant that Ford could have received said benefits had he simply filed a workers' compensation claim in

Louisiana. Phillips 66 argues that under La.R.S. 23:1035.1(2), Ford is unquestionably "otherwise entitled" to benefits under Louisiana workers' compensation laws, and the fact Ford had received Texas workers' compensation benefits did not preclude him from receiving Louisiana workers' compensation benefits. We agree.

Under subsection 2 of La.R.S. 23:1035.1, recipients of workers' compensation benefits under the law of another state have the right to receive benefits under Louisiana workers' compensation law so long as they qualify for such benefits. Louisiana Revised Statutes 23:1035.1(2) provides "[t]he payment or award of benefits under the workers' compensation law of another state . . . shall not be a bar to a claim for benefits under [Louisiana's] act[.]" It also provides the total amount of medical and related benefits and all income benefits paid or awarded the employee under another state's workers' compensation law shall be credited against the total amount of those benefits which would have been due the employee under Louisiana's act had the claim been made solely under this act. In other words, an injured employee's receipt of workers' compensation benefits from another state does not bar a claim for workers' compensation benefits in Louisiana, as long as jurisdiction is proper in Louisiana.

Phillips 66 asserts Louisiana workers' compensation laws, including tort immunity for statutory employers such as Phillips 66, should be applied to the tort claim which arose out of an incident which occurred in Louisiana as a result of the performance of a contract for services to be rendered in Louisiana. Phillips 66 calls attention to the conflict of law provisions set forth in La.Civ.Code arts. 3515, 3544, and 3548. Louisiana Civil Code Article 3515 provides:

> Except as otherwise provided in this Book, an issue in a case
> having contacts with other states is governed by the law of the state

whose policies would be most seriously impaired if its law were not applied to that issue.

> That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

Louisiana Civil Code Article 3544 (emphasis added) provides, in pertinent part:

> *Issues pertaining to loss distribution and financial protection are governed*, as between a person injured by an offense or quasi-offense and the person who caused the injury, *by the law designated in the following order*:
>
> . . . .
>
> (2) *If, at the time of the injury, the injured person and the person who caused the injury were domiciled in different states: (a) when both the injury and the conduct that caused it occurred in one of those states, by the law of that state*; and (b) when the injury and the conduct that caused it occurred in different states, by the law of the state in which the injury occurred, provided that (i) the injured person was domiciled in that state, (ii) the person who caused the injury should have foreseen its occurrence in that state, and (iii) the law of that state provided for a higher standard of financial protection for the injured person than did the law of the state in which the injurious conduct occurred.

Louisiana Civil Code Article 3548, entitled "Domicile of juridical persons," provides, in pertinent part, "[A] juridical person that is domiciled outside this state, but which transacts business in this state and incurs a delictual or quasi-delictual obligation arising from activity within this state, shall be treated as a domiciliary of this state."

Phillips 66 repeats it is a Delaware corporation whose principal place of business is Texas, while Ford is a Texas domiciliary who was injured while working in Louisiana. Thus, Phillips 66 contends that for the purposes of the conflict of laws analysis, it is deemed to be a Louisiana domiciliary pursuant to La.Civ.Code art. 3548. Phillips 66 argues this case involves a claim by a Texas domiciliary

15

against a Louisiana domiciliary; thus, pursuant to La.Civ.Code art. 3544(2)(a), because the injured person and the person causing the injury are domiciled in different states and because both the injury and the conduct that caused Ford's injury occurred in the same state, Louisiana workers' compensation laws, which are laws pertaining to loss distribution and financial protection, should be applied to the instant case. We agree. While the nature of the dispute before us is based on claims of tortious conduct, the defense of Phillips 66 pertains to loss distribution and financial protection. Accordingly, we hold La.Civ.Code art. 3544 governs our analysis of this issue. *See Rigdon v. Pittsburgh Tank & Tower Co., Inc.*, 95-2611 (La.App. 1 Cir. 11/8/96), 682 So.2d 1303.

In this case, the Master Service Contracts between Phillips 66 and Kenan Transport, as noted above, recognize Phillips 66 as the statutory employer of Kenan Transport's employees. Ford was an employee of Kenan Transport at the time he sustained his injury. Therefore, under La.R.S. 23:1061(A)(3), Phillips 66 is presumed to be the statutory employer of Ford. Ford's claims must be dismissed due to the choice of law provisions requiring the application of Louisiana workers' compensation law and his failure to overcome the rebuttable presumption set forth in La.R.S. 23:1061(A)(3). Accordingly, we reverse the judgment of the trial court.

## DECREE

For the foregoing reasons, we grant and make peremptory the writ application filed by Phillips 66. The judgment of the trial court is reversed, the motion for summary judgment filed by Phillips 66 is granted, and Ford's claims against Phillips 66 are dismissed, with prejudice. All costs of these proceedings are assessed to Plaintiff/Respondent, Grady Ronald Ford.

**WRIT GRANTED AND MADE PEREMPTORY.**